



NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JASMIN SALVADOR AQUINO a/k/a JASMIN AQUINO SALVADOR, ALEX and EDNA DY, CESAR G. and MILDRED A. ESTACIO, JUAN CARLOS GIRALDO, MARILOU LELINA,<br><br>Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES LLC, EQUAL HOUSING LENDING, JOHN DOE 1-10.,<br><br>Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 11-CV-05518 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Defendant Aurora Loan Services, LLC ("Defendant" or "Aurora") to dismiss Plaintiffs' Jasmin Salvador Aquino ("Aquino"), Alex and Edna Dy ("the Dys"), Cesar and Mildred A. Estacio ("the Estacios"), Juan Carlos Giraldo ("Giraldo"), and Marilou Lelina ("Lelina") (collectively "Plaintiffs") Complaint, pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of the parties, it is the decision of this Court for the reasons herein expressed that Defendants' motion to dismiss is **granted**.

## I. BACKGROUND[1]

This case arises out of the alleged predatory lending practices perpetrated by Defendants during mortgage transactions entered into with Plaintiffs on their subject properties. Pls.' Compl. ¶ 2. Plaintiffs allege numerous Federal and State law claims, including but not limited to the Federal Truth in Lending Act and Regulation Z, the Federal Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act, the Federal Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, the Fair Credit Report Act, State and Federal High Cost Loan Statutes, the New Jersey Consumer Fraud Act, the New Jersey Lenders' Liability Law, the New Jersey RICO statutes, breach of contract, fraud and misrepresentation, negligence, among others. Pls.' Compl. ¶ 2. Defendant Aurora Loan Services LLC ("Aurora") is a mortgage loan originator in the United States and is named in the Complaint as a parent company of its acquired lenders or subsidiaries residential mortgage-lending operations, as well as on the belief that Aurora directed, participated in and/or influenced the setting and establishing of credit-relating policies and underwriting guidelines and practices used by each of the other Defendants. Pls.' Compl. ¶ 9. Plaintiffs' Complaint provides Equal Housing Lending and John Does 1-10 as the alleged subsidiaries of Aurora. Pls.' Compl. ¶ 10.

The Complaint in the instant matter was filed following the dismissal of the class action suit in Almazan, et al v. 1st 2nd Mortg. Co. Of N.J., Inc., et al., Civ.A.No. 10-1336, ECF No. 191. The complaint in Almazan was dismissed without prejudice on the grounds that Plaintiffs failed to adequately put any Defendants on notice of any specific claims. (Civ.A.No. 10-1336, Opinion

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

adopting Report and Recommendation June 2, 2011, at p. 7, ECF No. 185). Specifically, the Court noted that Plaintiffs' Complaint "[did] not inform any reader what the Defendants did wrong, to whom they did it, or when they did it."Id. Plaintiffs were directed to re-file separate complaints against only those defendants that were involved in their respective loans. Further, Plaintiffs were admonished, under the principles of Younger Abstention, to consider the existence of any pending state foreclosure, or federal bankruptcy proceedings, in determining whether to file a federal law suit. Id. at 9. Finally, the Court found Defendants' arguments regarding Plaintiffs' counsel's failure to comply with the Local Civil Rule 11.2, which directs a party to disclose whether the matter in controversy is the subject of any other action pending in any court, were well founded. Id. The Court warned that "[a] second round of non-compliance with that Rule will result in sanctions upon the filing of the appropriate motions." Id.

For the following reasons, this Court finds that Plaintiffs have failed to adequately plead a claim upon which relief can be granted and Defendants Motion to Dismiss is **granted.**

## II. Motion to Dismiss

### A. Legal Standard

#### 1. Standard of Review for Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(6)

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

2. FED. R. CIV. P. 9(b)

Fraud-based claims are subject to FED. R. CIV. P. 9(b). Dewey v. Volkswagon, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) ("[New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)."). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A plaintiff must state the circumstances of the alleged fraud "with sufficient

particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004). To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.

## B. Discussion

Plaintiffs Complaint suffers from many of the same pleading deficiencies that were noted in the Almazan case, and must therefore be dismissed. As previously noted, this Court explained that the complaint in Almazan "[did] not inform any reader what the Defendants did wrong, to whom they did it, or when they did it." Although Plaintiffs have cured the "who" deficiencies by filing a separate complaint against those defendants who were allegedly involved in their respective loans, Plaintiffs' Complaint in this action remains deficient regarding the "what" and "when" of Defendants alleged conduct. Such pleading deficiencies fail to properly place Defendants on notice of "any specific acts that it or [its subsidiaries] committed during the course of its mortgage transactions with Plaintiffs." Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724, at *11. (D.N.J. Jan. 27, 2012)

As previously noted, Aurora Loan Services LLC is named in the Complaint "not only as the parent company of its acquired lenders or subsidiaries residential mortgage lending operations, but because, on information and belief, Aurora Loan Services LLC directed, participated in and/or influenced the setting and establishing of credit-related policies and underwriting guidelines and practices used by each of the other Defendants." The "other Defendants" are allegedly the subsidiaries of Aurora which Plaintiff identifies as Equal Housing Lending, and John Doe 1-10.

While the remainder of the Complaint contains allegations against other named lenders, none are named as Defendants to this action.

The factual allegations provided with respect to each named Plaintiff can be generally summarized to include any or all of the following allegations: Plaintiffs were provided with a mortgage with a specified finance charge and interest rate; Plaintiffs were not provided with specified forms as required under Federal law; "relevant and vital documents" were unsigned; the source of the original application was not provided; a review of the named Plaintiff's financial situation revealed insufficient reliable income and liquidity as well as extended liabilities; transactional fees were charged either directly or hidden; the loans were subprime because they exceeded the rate borne by more "A" prime worthy customers; signed documentation including "TIL," with annual percentage rates, finance charge, amount financed, and total of payments were not disclosed in a clear and conspicuous manner; the relevant township's valuation of Plaintiff's home imputed an LTV ratio that created a high risk loan; Defendants made numerous material representations regarding the loan affordability but understated the deleterious effects of variable rate interest calculation; and the dynamic of the loan approvals and the lack of due diligence guaranteed the loan failures.[2]

The only allegations provided in the Complaint directly addressing the conduct of Aurora stated that Aurora was a lender involved throughout the transaction in which Jasmin Salvador Aquino obtained a mortgage on her home, and that the mortgagees later declared the mortgage defaulted as of 6/1/2009. No specific factual allegations against Aurora were provided regarding

[2]This Court notes that several of the "factual" allegations cited herein are actually legal conclusions couched as factual assertions.

Plaintiffs Alex and Edna Dy,[3] Cesar G. and Mildred A. Estacio, Juan Carlos Giraldo,[4] or Marilou Lelina[5]. The remainder of the allegations against Defendants are aptly designated by Plaintiffs as "general" as they provide no specific conduct on the part of Defendants. Pleading the details of Plaintiffs loans with only a general allegation that Defendants were somehow involved is plainly insufficient.

As a preliminary matter, and as highlighted above, this Court notes that Plaintiffs' Complaint contains a dearth of specific allegations regarding the conduct of Aurora or its purported subsidiaries. Rather, Plaintiff provides a series of vague legal conclusions couched as factual allegations which are plainly insufficient to survive a motion to dismiss. Notably, the Third Circuit has held that "[a]lthough a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'" Guirguis v. Movers Specialty Servs., 346 Fed. App'x. 774, 777 (3d Cir. 2009), citing Iqbal, 129 S.Ct. at 1950. Here, Plaintiffs' Complaint is almost entirely a recitation of legal conclusions closely mirroring the language of the statutes they claim Defendants violated.

---

[3]Aurora was not among the lenders and/or assignees identified by Plaintiffs as involved in the Dys' mortgage. Rather, Plaintiffs name "Fremont Commercial, FSB, Fremont Mortgage, Washington Mutual FSB, Homecoming Financial, Chase JP Morgan Bank, Chase Home Loans, The Bank of NY Mellow, The Bank of New York FSB and their successors & assigns."

[4]This Court takes particular note of the fact that no factual allegations were provided whatsoever regarding the Estacios or Juan Carlos Giraldo. The allegation that these Plaintiffs "[h]ave a similar situation with the rest of Plaintiffs given here" is woefully insufficient and clearly cannot serve as a basis for any claims for relief.

[5]Aurora was also not among the lenders and/or assignees identified by Plaintiffs as involved in the Lelina mortgage. Rather, Plaintiffs name "MERS, Inc.; 1st 2nd Mortgage Company of NJ, Creskill, NJ; US Bank NA as Trustee for SABR; American Servicing Company; WMC Mortgage Corp.; Countrywide Home Loans, and America's Wholesale Lender, their successor's & assigns."

Indeed, Plaintiff's Complaint does more to inform this Court of the state of the law than it does to inform the Court of the facts upon which Plaintiffs' claims are based. Such pleading leaves this Court unable to discern the appropriate cause of action for which Defendants might plausibly be held accountable. Moreover, such pleading leaves this Court with the impression that either Plaintiffs are unable to identify the true nature of the causes of action they allege, or that Plaintiffs allege that Defendants have violated each of the noted statutes in virtually every way conceivable. Plaintiffs must provide some grounds upon which this Court may assess the sufficiency of each of the provided claims, yet they have failed do more than vaguely allege that Defendant was a participant at some time in one Plaintiff's mortgage transaction. Accordingly, this Court finds that the entirety of Plaintiffs' Complaint fails to plead with the requisite particularity to satisfy even the liberal pleading standards of Rule 8(a), let alone the heightened pleading standard for Plaintiffs' fraud-based allegations under Rule 9(b).

In further support of dismissal, this Court refers to the Opinion of Honorable Jose Linares, Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724 (D.N.J. Jan. 27, 2012), in which the Court dismissed a complaint similar to that in issue here.[6] Notably, this Court finds Plaintiffs' Complaint in the instant suit to be even more deficient than the Complaint in Gutierrez, which at the very least alleged that the defendant had actually furnished plaintiff with a first and second mortgage.

---

[6]The facts and circumstances of the instant action are remarkably similar to those addressed by Hon. Jose Linares in the case of Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724 (D.N.J. Jan. 27, 2012). In fact, both the filing of the instant Complaint as well as that of the Gutierrez was the result of the dismissal and directive of the Almazan case discussed previously. Even more remarkable is the fact that the counts alleged in Gutierrez are identical to those alleged here, down to their numeric order. Judge Linares expressed concern that This Court finds that the discussion provided in the Gutierrez opinion aptly addresses the concerns raised with the instant Complaint.

As previously discussed, Plaintiffs here only vaguely alleges that Defendant was a lender somehow involved in the provision of a mortgage to only one Plaintiff. A brief summation of the most relevant conclusions drawn from the Gutierrez opinion is provided in further support of the instant decision.[7]

Based on virtually identical allegations advanced as those provided in the instant suit, Judge Linares found that Plaintiffs' complaint failed to comply with the pleading requirement of Rule 8(a).[8] Notably, Judge Linares found that "as a general matter, the paragraphs in the complaint [did] not adequately put Defendant [ ] on notice of any specific claims linked to specific acts that it or the John Doe Defendants committed during the course of its mortgage transactions with the Plaintiffs." Gutierrez v. TD Bank, 2012 U.S. Dist. LEXIS 10724, at * 11. Rather, the Court found that the specific facts provided concerning the mortgage transactions between Defendant and Plaintiffs were

---

[7]As this Court finds that the motion to dismiss should be granted for the reasons herein expressed, the Court declines to address the statute of limitations argument raised by Defendant and addressed by Judge Linares in the Gutierrez opinion. Similarly, this Court declines to address the arguments raised by Defendants concerning abstention.

[8]A summary of the deficiencies of the Complaint dismissed in Gutierrez demonstrates that they are virtually identical to those raised here. In relevant part, Judge Linares commented:

> Plaintiffs do not indicate, for example: which exact disclosures required by law were not provided; the nature and extent of any credit reporting which occurred by Defendants in violation of federal law; what, if anything, was inaccurate about such reporting; the substance of any written notices to Plaintiffs which violated their rights under state law; which terms of any contract were breached by Defendants; the nature of the emotional distress suffered by Plaintiffs; what, if any, benefit Defendants may have obtained due to alleged inaccuracies represented to Plaintiffs as amounts owed for any loans; what representations, if any, Plaintiffs made to Defendants regarding their financial circumstances and their "ability to repay" justifying their allegations regarding Defendants predation, and so on."

Gutierrez, 2012 U.S. Dist. LEXIS 10724, at * 17-18.

"scarce," "while the Complaint extensively states and restates legally conclusory statements regarding Defendant's wrongful conduct as defined exclusively within the terms of the relevant statutes or case law authority."Id. at *17. Finally, the Court took issue with the fact that Plaintiffs' opposition failed to cite to any paragraphs in the complaint "wherein facts relevant to their alleged claims are discernable." Id. at *18. Each of the deficiencies noted above are present in the instant Complaint and therefore warrant dismissal.

With respect to the Gutierrez plaintiff's fraud-based claims, Judge Linares addressed the argument, similarly raised here, that the requirements of Rule 9(b) should be relaxed for circumstances where factual information is exclusively within the opposing party's knowledge or control. The Court found the rule cited by Plaintiffs to be inapplicable under the circumstances, and this Court agrees. As noted by Judge Linares,

> Plaintiffs need only state with particularity the who, what, when and where of the false misrepresentations or omissions made by Defendants based on their familiarity with said misrepresentations as experienced by them in the mortgage transactions . . .

Id. at 25-26 (emphasis added). There, as here, "those facts are both within the Plaintiffs' control and need not be enumerated in every detail or with respect to each and every instance to meet the heightened pleading standard for fraud-based claims." Id. Just as the Gutierrez plaintiff was not relieved of its obligation to plead claims of fraud with specificity under Rule 9(b), Plaintiffs here will not be so relieved.

Finally, this Court notes that several of the claims common to both the Gutierrez and the instant action were dismissed in Gutierrez as not cognizable as a matter of law. 2012 U.S. Dist. LEXIS 10724, at *35. Such claims include (1) furnishing inaccurate information to credit agencies (Count 5); (2) failure to correct inaccurate reporting (Count 6); (3) failure to provide required notices

and disclaimers (Count 7); (4) predatory and negligent lending (Counts 10 and 28); (5) New Jersey Licensed Lenders Act (Count 11); and (6) unfair business practices (count 16). The Court in Gutierrez found that the aforementioned counts should be dismissed on the grounds that they were redundant or failed to cite to any law or statute supporting a claim independent of the claims already raised.[9] The Court therefore dismissed the aforementioned claims without prejudice "to Plaintiffs' amendment of any claims asserted therein which do not duplicate other claims already stated in Plaintiff's compliant." Id. at *40. This Court echos the conclusions drawn in Gutierrez regarding the aforementioned claims in further support of its decision to dismiss the Complaint in this action.

## III. CONCLUSION

Accordingly, as this Court finds that Plaintiffs have failed to adequately plead a claim upon which relief can be granted, Defendant's motion to dismiss is **granted**.

DENNIS M. CAVANAUGH, U.S.D.J.

Date: June 28, 2012
cc: All Counsel of Record
Hon. J. A. Dickson, U.S.M.J.
File

[9]With respect to Plaintiffs' New Jersey Licensed Lenders Act claim, the Court dismissed the count with prejudice on the grounds that Defendant was a federally chartered bank and was therefore exempt from liability under the Act. Id. at *39.